

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00224-CR

_____

NICHOLAS GEOFFREY BENSON, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1814879

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Nicholas Geoffrey Benson attempts to appeal from a trial court order placing him on deferred adjudication community supervision. But the trial court's order was effectuating the terms of Benson's plea bargain with the State, and in a plea bargain case, the defendant's right of appeal is extremely limited. Tex. R. App. P. 25.2(a)(2) (providing that a plea bargaining defendant "may appeal only: (A) those matters that were raised by [pretrial] written motion . . . , (B) after getting the trial court's permission . . . , or (C) where the specific appeal is expressly authorized by statute"); *see* Tex. Code Crim. Proc. Ann. art. 44.02. The trial court informed Benson of the limitations on his right of appeal, and it did not grant permission for an exception; rather, it certified that this "is a plea[ ]bargain case, and the defendant has NO right of appeal."[1] *See* Tex. R. App. P. 25.2(a)(2), (d) (requiring a trial court to file a certification clarifying a defendant's right of appeal).

Because a criminal appeal "must be dismissed if a [trial court] certification that shows the defendant has the right of appeal has not been made part of the record," we notified Benson that we could dismiss his appeal unless he showed grounds for continuing it. *See* Tex. R. App. P. 25.2(d), 44.3. Benson responded by alleging that he had been pressured into pleading guilty and that his trial counsel had been ineffective. But neither allegation is a ground for continuing this appeal. *See Cooper v. State*, 45

---

[1]The certification was signed not only by the trial court but also by Benson and Benson's trial counsel. *See* Tex. R. App. P. 25.2(d).

S.W.3d 77, 83 (Tex. Crim. App. 2001) (holding that "Rule 25.2(b) does not permit the voluntariness of the plea to be raised on appeal" in a plea bargain case); *Singleton v. State*, Nos. 02-25-00127-CR, 02-25-00128-CR, 02-25-00129-CR, 02-25-00130-CR, 2025 WL 1774450, at *1 (Tex. App.—Fort Worth June 26, 2025, no pet. h.) (mem. op., not designated for publication) (dismissing appeals from plea bargained judgments and noting that defendant's claim that "he was coerced into pleading guilty" was not a ground for continuing the appeals); *Brown v. State*, No. 02-21-00083-CR, 2021 WL 3205065, at *1 (Tex. App.—Fort Worth July 29, 2021, no pet.) (mem. op., not designated for publication) (dismissing appeal in plea bargain case and stating that defendant's allegation of ineffective assistance "d[id] not provide a valid basis for continuing the appeal").

Thus, we dismiss Benson's appeal. *See* Tex. R. App. P. 43.2(f).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 31, 2025